No 3409.

SIMON NETTER, Under Tutor, v. S. HERMAN and L. LEVY.

This suit is instituted by the under tutor of the minors Kohn, to recover from S. Herman
and L. Levy, the amount coming to them as heirs of their father in the property be-
longing to the partnership which had existed between their father and said Herman and
Levy.

It is apparent from the record that the minors' interest in the succession of their father had
not been handed over to their tutrix at the time she entered into another partnership
with the surviving partners of her deceased husband. It was this interest, added to her
rights as widow in community, which formed her share of the partnership stock. The
contract was, in fact, a contract of partnership between herself, her minor children and
the surviving partners of her husband. The law does not authorize such a partnership.
It was an investment of her minor children's funds in an enterprise for which she had
no warrant. Up to this point, therefore, the minors' property must be considered to have
remained in the hands of the surviving partners.

But this court does not see where the under tutor finds any authority for attacking the de-
fendants. If any cause of action exists against the defendants, the tutrix of the minors
is the proper person to assert it.

The under tutor acts for the minor whenever the interest of the minor is in opposition to the
interest of the tutor. Perhaps, in case of collusion between the debtor of a minor and
his tutor, the under tutor might be authorized to interfere. But in this case no collusion
is asserted. The rights of the minors have not been invaded by the defendants. What-
ever transactions they may have had in which the minors' interests were involved, they
had them with their tutrix, who was the only person having authority with whom they
could contract. If they acted fraudulently toward the tutrix, fraud vitiates any contract,
and the tutrix has her action to set it aside. If the tutrix has acted in bad faith towards
her wards, the under tutor has his action against her.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Breaux & Fenner*, for plaintiff and appellant. *Cooley & Phillips*, for defendants and appellees.

MORGAN, J. Leopold Kohn was a member of the firm of Kohn, Herman & Co. The firm was composed of Leopold Kohn, S. Herman, and Leopold Levy. By the terms of their contract, the partnership was to cease on the death of either of the partners. In this event the survivors had the right to continue the partnership and to keep the partnership property at an estimation to be fixed upon an inventory to be taken immediately after the decease of the partner, the inventory to be taken between the surviving partners and the widow and heirs of the deceased partner, the survivors to furnish security *in solido* to the satisfaction of the surviving widow and heirs, for the amount coming to the deceased partner.

Kohn died on the second of September, 1866. His widow was con-firmed as natural tutrix on the twenty-fourth of the same month. On the eighteenth of December, 1866, she applied to be appointed admin-istratrix of her husband's succession, and prayed that an inventory be taken.

On the eleventh of January, 1867, the inventory ordered to be taken was filed. The interest of the deceased in the partnership was esti-mated at $21,242 29. On the twelfth, she was confirmed as adminis-

tratrix. Thus the inventory was filed before she had qualified as administratrix.

On the seventh of January 1867, before she had been appointed executrix, and without any authorization on the part of the court, she went before a notary public in company with Herman and Levy and they each declared, that they had made a partition of the property belonging to the partnership of Kohn, Herman & Levy, and gave to each other an acquittance therefor. In this act the widow assumed to act as well in her capacity of tutrix as well as in her own name. By the same act the widow and the surviving partners of her husband formed another partnership to last twelve months. In this partnership the widow invested $21,934 16, a few hundred dollars over and above the amount of the appraised value of her deceased husband's interest in the property belonging to the partnership which had existed between her husband and Herman and Levy.

Subsequently, in the early days of December, 1867, she married Sylvian Levy.

Before her marriage she was retained in the tutorship of her minor children, by and with the advice and consent of a family meeting.

On the sixteenth of December, 1867, the partnership which had been entered into between Mrs. Kohn (now Mrs. Levy), S. Herman and Leopold Levy, was dissolved, Mrs. Kohn selling out her interest therein to Herman and Leopold Levy for $19,413 22. She was authorized to dissolve the partnership and to make the sale by her husband Sylvain Levy.

Subsequent to this sale, Sylvian Levy and his wife appear to have removed to Texas.

This suit is instituted by the under tutor of the minors Kohn to recover from Simon Herman and Leopold Levy, the amount coming to them as heirs of their father in the property belonging to the partnership which had existed between their father and Herman and Levy. The amount claimed is $11,746 39.

The district judge decided against the under tutor. He has appealed.

It is apparent that the minors' interest in the succession of their father had not been handed over to their tutrix at the time she entered into the partnership with his surviving partners. It was this interest, added to her rights as widow in community, which formed her share of the partnership stock. The contract was, in fact, a contract of partnership between herself, her minor children and the surviving partners of her husband. The law does not authorize such a partnership. It was an investment of her minor children's funds in an enterprise for which she had no warrant. Up to this point, therefore, the minors

property must be considered to have remained in the hands of the surviving partners.

But we do not see where the under tutor finds any authority for attacking the defendants. The minors are represented by their tutrix. If any cause of action exist against the defendants, their tutrix is the proper person to assert it. The under tutor acts for the minor whenever the interest of the minor is in opposition to the interest of the tutor. C. C. 273. Perhaps in case of collusion between the debtors of a minor and his tutor, the under tutor might be authorized to interfere. But, in this case, no collusion is asserted. The rights of the minors have not been invaded by the defendants. Whatever transactions they may have had in which their interests were involved, they had them with their tutrix, who was the only person having authority with whom they could contract. If they acted fraudulently toward the tutrix, fraud vitiates all contracts, and the tutrix has her action to set it aside. If the tutrix has acted in bad faith towards her wards, the under tutor has his action against her.

Judgment affirmed.